## WILLIAM B. WYMAN *vs.* COUNTY COMMISSIONERS OF ESSEX.

Essex.      March 10, 1892. — June 24, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*County Commissioners — Validity of Adjudication — Taking of Flats with Upland for Enlargement of Cemetery.*

A town voted to authorize its selectmen to apply, pursuant to the Pub. Sts. c. 82, § 10, to the county commissioners that "B. Pasture . . . owned by A." might be taken for the enlargement of a burial ground belonging to the town. The selectmen made application that "B. Pasture" might be so taken, describing its boundaries, one of which was "northwesterly by the harbor adjoining said burying ground." The answer of the county commissioners to a petition by A. for a writ of certiorari to quash their proceedings in taking land, which included flats between high and low water mark, stated "that the land taken as by said adjudication was and is known as the B. Pasture, and that no question

of it was made on the trial." The court "found as a fact that the vote of the town included the land below high-water mark." *Held*, that the adjudication of the county commissioners was valid, if such flats could be taken for the purpose intended.

An adjudication of county commissioners, that it is necessary to take, in connection with the adjacent upland, for the enlargement of a burial ground, flats lying between high and low water mark which are private property and belong to the owner of the upland, will not be revised by this court.

PETITION for a writ of certiorari to quash the proceedings of the county commissioners of Essex in taking certain land in Marblehead for the enlargement of a burial ground. The case was heard by *Knowlton*, J., who dismissed the petition; and the petitioner alleged exceptions. The material facts appear in the opinion.

*J. M. Raymond*, for the petitioner.

*W. D. Northend*, for the respondents.

FIELD, C. J.   The selectmen of the town of Marblehead, by the authority of the town, pursuant to the Pub. Sts. c. 82, § 10, made application to the county commissioners that "Bessom Pasture" might be taken for the enlargement of a burial ground belonging to the town.   The vote of the town authorizing the application described the land to be taken as the "Bessom Pasture . . . owned by William B. Wyman."   The petition of the selectmen also described its boundaries, one of which was "northwesterly by the harbor adjoining said burying ground." The answer of the county commissioners states "that the land taken as by said adjudication was and is known as the Bessom Pasture, and that no question of it was made on the trial."   The justice by whom the petition for certiorari was heard has "found as a fact that the vote of the town included the land below high-water mark," etc.   On this finding, which is plainly warranted by the facts we have recited, it must be held that the adjudication of the county commissioners is valid, if flats lying between high and low water mark on the sea, which are private property and belong to the same owner as the adjacent upland, can be taken in connection with the upland for the enlargement of a burial ground.

The commissioners have adjudged "that necessity requires the enlargement of said Waterside Cemetery in the manner following," etc.; and they describe the land to be taken, which

includes the flats, and they adjudge that this land shall be a part of the burying ground. If the commissioners adjudge that it is necessary to take for the enlargement of a burial ground land on the sea between high and low water mark which is private property, we cannot say as matter of law that it is not necessary. If the flats cannot be filled or any structure built upon them without the license of the Board of Harbor and Land Commissioners, (Pub. Sts. c. 19, § 9,) still there may be reasons why they should be a part of the burial ground for its protection, of which the county commissioners are the judges. The interests of the public in land covered by the tides are not affected by the change of ownership, nor does that change in and of itself work any obstruction to navigation, and private property in such land is not exempted from being taken for a public use if it is necessary.        *Exceptions overruled.*